[No. 22003-9-I. Division One. April 17, 1989.]

DON DEFFENBAUGH, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*John F. Sullivan* and *Inslee, Best, Doezie & Ryder,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Morton M. Tytler, Assistant,* for respondent.

FORREST, J.—Don Deffenbaugh appeals from the Superior Court's affirmance of the decision by the Department of Social and Health Services review judge. The review judge changed the initial decision by the administrative law judge (ALJ) by charging a certain loan liability against appellant's equity for purposes of calculating reimbursement. Deffenbaugh asserts the review judge abused or exceeded his authority by ruling he was not bound to follow the parties' stipulation. He further claims the review judge committed an error of law by including the liability in calculating appellant's equity capital for purposes of reimbursement and in disallowing the deduction of the interest expense associated with said loan. We affirm.

Don Deffenbaugh is the sole proprietor of the Port Orchard Convalescent Center. From 1980 through 1982, he withdrew $250,000 from his business. In 1982, Deffenbaugh borrowed $50,000 as working capital to liquidate accounts

payable for payroll and trade. For the audit years 1982 and 1984, DSHS disallowed reimbursement for the interest on the $50,000 working capital loan. The Department contended that if the appellant had not made excessive draws, there would have been no need for the working capital loan and, therefore, the interest expense from the loan was not an allowable cost.

Although DSHS disallowed the interest expense, it included the $50,000 liability in Deffenbaugh's equity capital for purposes of determining his return on equity. His equity remained the same and, hence, there was no change in appellant's return on equity. Deffenbaugh appealed the Department auditor's 1982 and 1984 adjustments by requesting an administrative hearing pursuant to WAC 388-96-904(5). After the hearing, the ALJ entered his decision on February 10, 1987. He ruled that the $50,000 loan was related to patient care, but was not "necessary" because of appellant's excessive draws. Hence, the interest expense incurred with respect to the loan was not an allowable cost. The ALJ also ruled that the $50,000 loan should not have been included in total current liabilities for either audit year 1982 or 1984, and consequently should be excluded from equity capital when calculating Deffenbaugh's return on equity for reimbursement purposes because of the parties' stipulation that the loan was not related to patient care.

On appeal, the review judge stated he was not bound by the parties' stipulation that the working capital loan was not related to patient care. He found the loan was related to patient care and should have been included as a liability for computation of appellant's return on equity. He also concluded the interest expense associated with the $50,000 loan was not ordinary and necessary and, therefore, was not an allowable cost.

Deffenbaugh first asserts the review judge exceeded his authority in disregarding the parties' stipulation, citing WAC 388-08-413(3), which provides:

If review is granted, the administrative law judge's initial findings of fact, conclusions of law, and decision shall not be modified by the review judge unless, in the reasoned opinion of the review judge:

(a) Irregularity in the proceedings occurred by which the petitioning party was prevented from having a fair hearing. This includes misconduct by the prevailing party and misconduct or abuse of discretion by the administrative law judge and/or

(b) The findings of fact are unsupported by substantial evidence in view of the entire record and/or

(c) The application of law in the conclusions is erroneous and/or

(d) There is need for clarification in order for the parties to implement the decision.

■ The Department contends Deffenbaugh is not entitled to invoke these provisions because they are merely internal procedural guides for the agency. This assertion is without merit. Administrative agencies are bound by their own rules. *Ritter v. Board of Comm'rs*, 96 Wn.2d 503, 637 P.2d 940 (1981); *Christensen v. Terrell*, 51 Wn. App. 621, 754 P.2d 1009 (1988). This general rule is particularly appropriate in the hearing process, which is conducted by an administrative law judge from an independent agency of government to insure that the contestant has a fair and impartial fact finder. The "substantial evidence rule" contained in WAC 388-08-413(3)(b), delineating for the review judge the standard to be used for review of the ALJ's initial decision, is analogous to its familiar application between trial and appellate courts. It was properly invoked by the appellant.

The remainder of this opinion has no precedential value. Therefore, it will not be published, but has been filed for public record. *See* RCW 2.06.040; CAR 14.

GROSSE, A.C.J., and SCHUMACHER, J. Pro Tem., concur.

After modification, further reconsideration denied September 27, 1989.